UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANTHONY ARRIAGA,                              :
              Plaintiff,              :
v.                                            :      **ORDER**
                                              :
ANTHONY ANNUCCI; MICHAEL CAPRA;               :      23 CV 1941 (VB)
ELAINE VELEZ; and BENNY THORPE,               :
              Defendants.             :
--------------------------------------------------------------x

      Plaintiff filed a motion for appointment of counsel dated August 26. (Doc. #73). The motion was received on September 3, 2024, and docketed on September 12, 2024. Plaintiff requests a court-appointed attorney to assist him with the discovery process because (1) he has been unsuccessful in contacting the New York Legal Assistance Group for help and (2) he is unable to correspond with incarcerated individual witnesses as needed to corroborate his claims and find further supportive information.

      The Court has no authority to appoint counsel under the in forma pauperis statute, but instead may only request that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Ct., 490 U.S. 296, 301–10 (1989). Having considered the type and complexity of this case, the merits of plaintiff's claims, and plaintiff's ability to present the case, the Court concludes a request for counsel is not warranted at this time. See 28 U.S.C. § 1915(e)(1); Cooper A. v. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Accordingly, plaintiff's motion is DENIED WITHOUT PREJUDICE to renewal at an appropriate time in the future.

      In addition, plaintiff had previously filed four motions to take depositions of incarcerated individuals by written questions pursuant to Rule 31(a). (Docs. ##65–68). On July 22, 2024, the Court denied plaintiff's motions without prejudice, but allowed plaintiff to renew his request by August 22, 2024. (Doc. #71). To date, the Court has not received any such renewed request.

      To the extent plaintiff's motion for appointment of counsel relates to his need to corroborate his claims and find further supportive information from incarcerated witnesses, he may do so through deposition by written questions or other formal discovery methods.

      Accordingly, the Court encourages plaintiff to renew his request to take depositions by written questions pursuant to Rule 31(a). By **October 15, 2024**, plaintiff shall file his renewed request, if any. If plaintiff chooses to renew his request, he should do so in a single motion that sets forth (i) the information plaintiff believes each proposed deponent possesses regarding this case, (ii) the method of recording, (iii) the estimated cost of the depositions, (iv) the way plaintiff intends to pay these costs, and (v) what alternative means plaintiff has considered to obtain the same information and the relative costs and burdens associated therewith. See Beckles v. Artuz, 2005 WL 702728, at *2 (S.D.N.Y. Mar. 25, 2005) (ordering plaintiff to submit a proposed plan for conducting depositions, including "how the depositions will be conducted" and who "will administer the oath").

1

If plaintiff files a renewed request, defendants must respond by **October 29, 2024**. All other discovery deadlines remain unchanged, subject to further Court order.

The Clerk is instructed to terminate the motion. (Doc. #73).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order and all unpublished decisions cited herein to plaintiff at the address on the docket.

Dated: September 13, 2024
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge