Copies Mailed/Faxed ∋H
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

ANTHONY ARRIAGA,             :
           Plaintiff,     :

v.                  :

ANTHONY ANNUCCI; MICHAEL CAPRA;  :
ELAINE VELEZ; and BENNY THORPE,   :
       Defendants.    :

-----------------------------------------------------------------x

**ORDER GRANTING PRO BONO COUNSEL**

23 CV 1941 (VB)

For the following reasons, plaintiff's application for the Court to request an attorney to represent plaintiff is GRANTED.  The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance in the above-captioned action for all purposes, including potentially representing plaintiff at trial.  Counsel will file a Notice of Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The in forma pauperis statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id.  Even if a court does believe that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989).

1

In Hodge v. Police Officers, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance." Id. at 61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61–62; see also Cooper v. A. Sargenti Co., Inc., 877 F.2d at 172. In considering these factors, district courts should not apply bright-line rules. See Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge v. Police Officers, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed in forma pauperis (IFP), which the Court granted. (Docs. ##1, 5). Plaintiff therefore qualifies as indigent. Plaintiff previously filed a motion for appointment of counsel to assist in the discovery process (Doc. #73), which the Court denied on September 13, 2024 (Doc. #74). However, at an on-the-record conference held today, and attended by plaintiff, proceeding pro se, and defense counsel, plaintiff renewed his request for counsel. Plaintiff's ability, or lack thereof, to navigate the complex procedural and substantive issues raised in today's conference weigh in favor of granting plaintiff's application.

As a result, the Court now finds representation would "lead to a quicker and more just result." Hodge v. Police Officers, 802 F.2d at 61. Plaintiff's case has already survived defendants' motion to dismiss. (Doc. #59). The Court has, therefore, already determined that

2

plaintiff's remaining claims are "likely to be of substance." Hodge v. Police Officers, 802 F.2d at 61–62. The other Hodge factors also weigh in favor of granting plaintiff's application.

**CONCLUSION**

Plaintiff's application for the Court to request an attorney to represent plaintiff is GRANTED.

The Court directs the Pro Se Clerk to attempt to find an attorney willing to accept pro bono appointment in this case through trial. If an attorney volunteers, the attorney or the Court will contact plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se.

The next case management conference remains scheduled for May 6, 2026, at 11:00 a.m. If pro bono counsel has entered an appearance by May 6, 2026, pro bono counsel shall attend the conference in person, at the White Plains Courthouse, Courtroom 620. If pro bono counsel has not entered an appearance by May 6, 2026, the Court will either conduct the conference telephonically or adjourn the conference.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated:  February 19, 2026
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

3